496 F.2d 1376
 Joyce M. McDONALD, widow of Charles E. McDonald,
Individually, etc., et al., Plaintiffs-Appellees,
v.
FEDERAL BARGE LINES, INC., Defendant-Third-Party
Plaintiff-Appellant, v. MANPOWER, INC. OF
MISSOURI, Third-Party Defendant.
 No. 73-2040.
 United States Court of Appeals, Fifth Circuit.
 July 15, 1974.
 
 W. J. Larzelere, Jr., George B. Matthews, New Orleans, La., for plaintiff-appellant.
 John H. Wells, Joe M. Inabnett, New Orleans, La., for Joyce M. McDonald.
 Christopher Tompkins, New Orleans, La., for Manpower, Inc.
 Before RIVES, GEWIN and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles E. McDonald, spouse of the plaintiff-appellee, fell while working on a barge owned by Federal Barge Lines, Inc., defendant-appellant when the barge was docked in the Mississippi River in New Orleans. The fall resulted in an injury to his right elbow which became infected and led to his untimely death four months later. His wife and two sons filed suit seeking damages for wrongful death. A jury found Federal negligent and its barge unseaworthy. Mrs. McDonald was awarded $55,000, her sons $25,000 and $15,000, respectively, subject to a 35% Deduction for the decedent's contributory negligence.
 
 
 2
 Federal raises three issues on this appeal: (1) the trial court's instruction allowing consideration of lost love and affection as an element of damages was erroneous as a matter of law under Canal Barge Co. v. Griffith, 480 F.2d 11 (5th Cir. 1973); (2) the instructions allowing the jury to consider loss of love and affection and loss of nurture and guidance was erroneous because there was no evidence upon which to predicate such considerations; and (3) the jury's verdict was excessive. Finding the jury's damage award not to be excessive, that sufficient evidence supports the award, and that the trial court's instruction as to loss of love and affection was correct under Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974), we affirm.
 
 
 3
 The principal issue which brought this case to the oral argument calendar was the propriety of damages for loss of love and affection and the Court's instruction in connection therewith. Any doubt that might have existed at the time this case was appealed and originally briefed has now been resolved by the language in the opinion of the recent Supreme Court decision in Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573 (1974). In Sea-Land, the Court wrote that family members could be compensated for loss of 'society' which
 
 
 4
 embraces a broad range of mutual benefits each family member receives from the others' continued existence, including love, affection, care, attention, companionship, comfort and protection.
 
 
 5
 414 U.S. at 585. In a footnote to that passage, the Court was careful to distinguish between the compensable loss of love and affection and the noncompensable mental anguish or grief suffered by the survivors: 'The former entails the loss of positive benefits, while the latter represents an emotional response to the wrongful death.' 414 U.S. n. 17 at 585. The family cannot recover as part of the wrongful death action for their grief occasioned by the member's death.
 
 
 6
 The District Court's instruction did not include the nonallowable element of survivor's grief for consideration by the jury as compensable damages:
 
 
 7
 These are some of the elements for which you can make allowance if you, in fact, find that the plaintiff is entitled to judgment: Loss of future support, loss of the father's love and affection, conscious pain and suffering-- that means before death, and loss of decedent's services. This means the things that husbands and fathers do in the home.
 
 
 8
 This instruction was correct under Sea-Land and does not present reversible error.
 
 
 9
 Federal contends that any award for loss of love and affection and loss of nurture and guidance is inappropriate because there was no evidence submitted which would support such an award. Federal complains that no actuarial calculations, income tax returns, or other earning records were introduced to corroborate the meager evidence concerning the decedent's earnings contained in Mrs. McDonald's testimony. It asserts that the record is completely void of any evidence concerning the relationship between Mrs. McDonald and her husband and between her husband and the two children.
 
 
 10
 The jury, as finders of fact, have the exclusive obligation to compute damages and that computation need not conform to strict arithmetical calculations but may be in the form of a lump sum award. Neill v. Diamond M. Drilling Co., 426 F.2d 487 (5th Cir. 1970); Neal v. Saga Shipping Co., S.A., 407 F.2d 481 (5th Cir.), cert. denied, 395 U.S. 986, 89 S.Ct. 2143, 23 L.Ed.2d 775 (1969). We review the jury verdict, whether it be lump sum or itemized, to find if there is sufficient evidence to support the award.
 
 
 11
 Mrs. McDonald testified as to her husband's work experience and his approximate wages. It was revealed that the decedent terminated lucrative employment because it required him to be away from his family for long periods. The McDonalds were not separated or divorced and maintained a home together in New Orleans. Although we agree with Federal that this evidence is not overwhelming, it is likewise not insignificant and is certainly sufficient to support a damage award.
 
 
 12
 Assuming liability for wrongful death there is no merit to the claim that the awards are so excessive as to command the attention of an appellate court.
 
 
 13
 Affirmed.