496 F.2d 531
 Mrs. Laura KAISER, wife of/and Ignatius J. Barreca,
Plaintiff-Appellants Cross Appellees,
v.
TRAVELERS INSURANCE COMPANY et al., Defendants-Appellees,
Henry Brien, Jr., and Travelers Insurance Co., George
Tranchina, Coastal Sand & Gravel Co., and Fidelity &
Casualty Company of New York, Defendants-Appellees Cross
Appellants.
 No. 73-2653.
 United States Court of Appeals, Fifth Circuit.
 Aug. 28, 1974.
 
 Herman M. Schroeder, New Orleans, La., for plaintiffs-appellants, cross appellees.
 Fred E. Salley, Edward J. Koehl, Jr., New Orleans, La., for Brien, Jr. & Travelers.
 Cornelius G. Van Dalen, New Orleans, La., for G. Tranchina.
 W. K. Christovich, New Orleans, La., for Coastal Sand & Gravel and others.
 Robert J. Young, Jr., New Orleans, La., for Great American Ins.
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
 (Opinion January 11, 1974, 487 F.2d 1300 (5th Cir. 1974)).
 Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Petition for Rehearing is granted.
 
 
 2
 This case was originally decided on the basis of Canal Barge Co. v. Griffith, 480 F.2d 11 (5th Cir. 1973), which held that there could be no recovery for loss of love and affection in a death action brought under the general maritime law.
 
 
 3
 Plaintiffs have requested rehearing in the light of Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974). In McDonald v. Federal Barge Lines, Inc., 496 F.2d 1376 (5th Cir. 1974), this Court in effect held that Sea-Land Service overruled that aspect of Canal Barge.
 
 
 4
 Defendants have requested that if rehearing is granted, they be given an opportunity to argue the liability questions raised by way of cross-appeal. When this case was originally decided, it had not seemed necessary to reach these issues in view of our determination of the damage issue under the rationale of Canal Barge. It now appearing that such issues should be decided on the oral argument calendar, rather than the summary calendar.
 
 
 5
 It is ordered that this appeal, including the cross-appeal, be set for oral argument as if the case had been originally screened for oral argument rather than the summary calendar. The Clerk shall set a briefing schedule for the filing of supplemental briefs.