Petition of Canal Barge Company, Inc., as owner and operator of the M/V ELAINE JONES, praying for exoneration from or limitation of liability.

CANAL BARGE COMPANY, INC., Petitioner-Appellant Cross Appellee,

v.

Mary Kathryn GRIFFITH, Individually, and as Administratrix of the Estate of George L. Griffith, Deceased, Respondent-Appellee Cross Appellant,

Terminal Railroad Assoc. of St. Louis, et al., Respondent-Appellees.

No. 71–2226.

United States Court of Appeals, Fifth Circuit.

May 16, 1975.

Robert B. Acomb, Jr., New Orleans, La., Douglas C. Wynn, Greenville, Miss., for petitioner-appellant.

Harry E. Barsh, Jr., Lake Charles, La., Clayton J. Swank, III, Greenville, Miss., Elmer Price, St. Louis, Mo., for respondents-appellees.

Frank S. Thackston, Jr., J. A. Lake, Greenville, Miss., for Terminal Railroad.

(ON PETITION FOR REHEARING)

(Opinion March 30, 1973, 5 Cir. 1973, 480 F.2d 11.)

Before GODBOLD and RONEY, Circuit Judges and BOYLE, District Judge.

BY THE COURT:

■ The petition for rehearing of Canal Barge Company, Inc., with respect to the issue of whether the District Court erred by including in the computation of loss of future earnings a 2% per year cost of living increase is granted. In Johnson v. Penrod Drilling Company, 510 F.2d 234 (CA5, 1975), this Court, sitting *en banc,* held that the influence of possible inflation or deflation on future damages is too speculative a matter for judicial determination and, therefore, that the trier of fact should not be instructed to take into account future inflationary or deflationary trends in computing future lost earnings. Accordingly, we conclude, on rehearing, that the District Court erred by including a 2% per year cost of living increase in the computation of loss of future earnings.

The order of the Court denying the petition for rehearing of Mary K. Griffith, etc., 480 F.2d 11 at 34, is vacated insofar as it concerned those damages, other than pecuniary, which plaintiff is entitled to recover in a general maritime action for the wrongful death of George L. Griffith. In the case at bar, the District Court found that Griffith's dependents had sustained general damages for loss of love, affection, companionship and society. The District Court, however, declined to award such damages, holding that the applicable law did not authorize an award of general damages. Petition of Canal Barge Company, 323 F.Supp. 805, 814 (N.D.Miss.1971). On appeal, this Court affirmed the denial of general damages to Griffith's dependents under a general maritime action for wrongful death. 480 F.2d at 29–30.

■ Subsequent to our decision on appeal, the Supreme Court, in Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573, 584, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974), concluded that, under the maritime wrongful death remedy, the decedent's dependents may recover damages for their loss of support, services, and society, as well as funeral expenses. In McDonald v. Federal Barge Lines, Inc., 496 F.2d 1376 (5th Cir. 1974), this Court held that *Gaudet* damages were proper where, as here, there was liability for the death of a seaman under both the

Jones Act and the general maritime law. *Accord* Landry v. Two R. Drilling Co., 511 F.2d 138 (5th Cir. 1974).

On rehearing, it is not possible to determine if those general damages found, but not awarded, by the District Court in the instant case are identical to those enumerated by the Supreme Court in *Gaudet.* Accordingly, the District Court on remand is directed to reexamine its findings of general damages in light of the dictates of the *Gaudet* decision.

The Petition of Canal Barge Company, Inc. to certify the question to the Supreme Court of the United States is denied.

Affirmed in part, reversed in part, and remanded for proceedings not inconsistent with our previous opinion, 480 F.2d 11, as amended by this order.

The stay of the mandate is vacated.