517 F.2d 675
 Linda LANDRY, Individually and as administratrix of her
minor children, Kenneth Paul Landry and Tracy
James Landry, Plaintiffs-Appellants
Cross-Appellees,
v.
TWO R. DRILLING COMPANY et al., Defendants-Appellees Cross-Appellants.
 No. 73-3900.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 13, 1975.
 
 J. Clem Drewett, Lake Charles, La., Louis R. Koerner, Jr., New Orleans, La., for plaintiffs-appellants.
 Joseph L. Waitz, Houma, La., Gerard T. Gelpi, New Orleans, La., for defendants-appellees.
 Appeals from the United States District Court for the Eastern District of Louisiana
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
 (Opinion April 9, 1975, 5 Cir., 1975, 511 F.2d 138).
 Before TUTTLE, RONEY and GEE, Circuit Judges.
 PER CURIAM:
 
 
 1
 In their petition for rehearing defendants challenge our holding that a general maritime death claim for unseaworthiness may be joined with a seaman's death claim under the Jones Act to permit recovery of Gaudet damages, including recovery for loss of society. 511 F.2d 138, 143 (5th Cir. 1975). Citing several pre-Moragne cases, e. g., Lindgren v. United States, 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686 (1930); Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964), they argue that our decision is contrary to the Jones Act and FELA, and is unsupported by previous judicial decisions. Defendants conclude that there "simply is no authority for expanding the elements of recovery under the Jones Act, or to overcome the fact that the Jones Act is the only vehicle to permit recovery for death of a seaman in United States territorial waters the exclusive remedy."
 
 
 2
 The argument overlooks the significant fact that a Jones Act seaman is entitled to assert a general maritime claim in addition to his Jones Act claim, Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960), and the importance of Moragne v. State Marine Lines, Inc., 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). In Moragne, the Supreme Court not only established a general maritime cause of action for wrongful death, but also effectively overruled much of the previous body of admiralty law relied upon by defendants. See discussion in Gilmore & Black, The Law of Admiralty §§ 6-32 and 6-33 (2d ed. 1975).
 
 
 3
 We recognize that both Moragne and Gaudet and this Court's decision in McDonald v. Federal Barge Lines, Inc., 496 F.2d 1376 (5th Cir. 1974), cited as authority in our original opinion, involved longshoremen rather than true Jones Act seamen. It would, however, be anomalous to hold that a true seaman cannot exert a cause of action which was extended to longshoremen only because they perform work traditionally done by seamen. See Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946); see generally Moragne v. State Marine Lines, Inc., 398 U.S. 375, 395-396 and n. 12, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). The remedy created in Moragne for wrongful death obviously extends to deaths of Jones Act seamen in United States territorial waters.
 
 
 4
 The petition for rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the petition for rehearing en banc is denied.