Warnie Lee IVY, etc., Plaintiff,

v.

SECURITY BARGE LINES, INC., Defendant.

No. GC 75–137–S.

United States District Court, N. D. Mississippi, Greenville Division.

Sept. 22, 1976.

Marvin L. Jeffers, Joshua A. Tilton, Baton Rouge, La., for plaintiff.

Philip Mansour, Mansour & Kilpatrick, Greenville, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The jury in response to interrogatories submitted to it by the court found that the Issaquena, its gear, crew or appurtenances, were not unseaworthy; that defendant was negligent and such negligence played a part in bringing about or causing the death of the unmarried seaman John Edward Ivy.

In fixing damages for the parents of John Edward Ivy the jury found that the father suffered damages of $20,000 for loss of support, $10,000 for loss of services and $20,000 for loss of society. The mother's damages were fixed in similar amounts.

The jury also found that the seaman was guilty of negligence which proximately contributed to his death and fixed the percentage at 50 percent.

At the conclusion of the trial the court requested memoranda from counsel as to the proper amount of the judgment to be entered on the verdict of the jury. The memoranda have been received and carefully considered.

Defendant takes the position that the only award which can be made by virtue of the verdict is that portion of the award for damages which represents actual pecuniary loss to plaintiffs, occasioned by the seaman's death, citing as authority for the position, *Petition of Canal Barge Co.,* 323 F.Supp. 805, 820 (N.D.Miss.1971) wherein Chief Judge Keady said "[t]he personal representative may recover for the actual pecuniary loss occasioned by the seaman's death. This is the measure of damages under F.E.L.A. 45 U.S.C. § 51 . . . ." This holding was affirmed on appeal. *Petition of M/V Elaine Jones,* 480 F.2d 11, 32 (5th Cir. 1973). Defendant also cites a long line of cases which hold that in a death action brought under the Jones Act recovery is restricted to pecuniary losses only.

The Fifth Circuit, however, on petition for rehearing, remanded *Canal Barge* to the District Court for reexamination of its findings of general damages in light of the *Gaudet* decision;[1] *Petition of M/V Elaine Jones,* 513 F.2d 911, 913 (5th Cir. 1975).

In *Gaudet* the Supreme Court said:

Our review of those authorities, and the policies of maritime law, persuade us that, under the maritime wrongful-death remedy, the decedent's dependents may recover damages for their loss of support, services, and society, as well as funeral expenses.

414 U.S. at 584, 94 S.Ct. at 814, 39 L.Ed.2d at 20–21.

The court cannot find a case where the Fifth Circuit has considered the question of the proper measure of damages when the recovery is solely under the Jones Act. The issue, however, is settled, at least in this circuit, where liability is fixed under both a Jones Act claim and a general maritime claim for unseaworthiness. In such instances *Gaudet* damages are proper. *Landry v. Two R. Drilling Co.,* 511 F.2d 138, 143 (5th Cir. 1975).

The Supreme Court in *Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970) held that an action lies under general maritime law for death caused by violation of maritime duties but left the shaping of the new nonstatutory action to future cases.

The question was considered by the Supreme Court in *Gaudet,* a case which in-

---

1. *Sea-Land Services, Inc. v. Gaudet,* 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974).

volved an action brought by a widow of a longshoreman for the wrongful death of her husband—alleged to have resulted from injuries suffered by him while aboard a vessel in navigable waters—after the decedent recovered damages in his lifetime for his injuries. The Supreme Court affirmed the holding of the Fifth Circuit that *Moragne* gave " 'Mrs. Gaudet . . . a compensable cause of action for Mr. Gaudet's death wholly apart from and not extinguished by the latter's recovery for his personal injuries . . .'." *Sea-Land Services v. Gaudet,* 414 U.S. 573, 574–75, 94 S.Ct. 806, 810, 39 L.Ed.2d 9, 15 (1974), *quoting, Gaudet v. Sea-Land Services, Inc.,* 463 F.2d 1331, 1332 (5th Cir. 1972). The court went on to observe, as noted above, that under the maritime wrongful-death remedy the dependents of a decedent may recover for loss of support, services and society, as well as funeral expenses.

The appellate courts when considering the uniform federal cause of action for maritime death created in *Moragne,* reason that the action is "designed to extend to the dependents of maritime wrongful-death victims admiralty's 'special solicitude for the welfare of those men who under[take] to venture upon hazardous and unpredictable sea voyages.' " *Sea-Land Services v. Gaudet,* 414 U.S. at 577, 94 S.Ct. at 811, 39 L.Ed.2d at 17, *quoting, Moragne v. States Marine Lines,* 398 U.S. 375, 387, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). Such reasoning convinces the court that in cases where the only basis of recovery is the negligence of the ship or its owner, such as the case here, dependents of a wrongful-death victim are not limited to a recovery for pecuniary loss, but may recover also for loss of services, and society. *See Law v. Sea Drilling Corp.,* 523 F.2d 793 (5th Cir. 1975).

The court concludes that judgment should be entered in favor of each parent against defendant for the sum of $25,000. (The aggregate award decreased by the seaman's negligent contribution to his death.)

Defendant has made the contention that, in any event, the jury awards must be discounted to present values, using a discount rate of not less than 4 percent, the rate used by Judge Keady in *Canal Barge.* The cases are not similar. Judge Keady tried the *Canal Barge* case without a jury and in the case at bar, the awards were fixed by the jury on the evidence and instructions of the court. It is elementary that a jury award "need not conform to strict arithmetical calculations." *McDonald v. Federal Barge Lines, Inc.,* 496 F.2d 1376, 1378 (5th Cir. 1974). The court in *McDonald* said:

> The jury, as finders of fact, have the exclusive obligation to compute damages and that computation need not conform to strict arithmetical calculations but may be in the form of a lump sum award. [Citations omitted] We review the jury verdict, whether it be lump sum or itemized, to find if there is sufficient evidence to support the award.

496 F.2d at 1378

In the opinion of the court, there was sufficient evidence in the action sub judice to support the several awards made by the jury.

The clerk will enter final judgment in accordance with the provisions of this decision.