**Katie COLEMAN, Personal Representative and Administratrix of the Estate of Jerry Wayne Coleman, Deceased, Plaintiff,**

v.

**C & G OPERATING COMPANY, INC., and C & G Towing Co., Inc., In Personam, and the M/V GAYLE C, her gear, engines, apparel, etc., in rem, Defendants.**

No. GC 78–58–S–P.

United States District Court, N.D. Mississippi, Greenville Division.

Dec. 4, 1979.

Randolph Noble, Jr., Robershaw & Merideth, Greenville, Miss., for plaintiff.

Frank S. Thackston, Jr., Lake, Tindall, Hunger & Thackston, Greenville, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court upon the defendants' motion for summary judgment. The motion, which has been pending for some time, was taken under advisement by this court on February 9, 1979, awaiting the Fifth Circuit's en banc disposition of *Ivy v. Security Barge Lines, Inc.,* 585 F.2d 732 (5th Cir. 1978), *modified en banc,* 606 F.2d 524 (5th Cir. 1979). Since that case has now been decided, the motion in the action sub judice is ready for the court's disposition.

This is an action for damages resulting from the death of a seaman on the navigable waters of the United States. The decedent, Jerry Wayne Coleman, lost his life on February 15, 1978, while employed as a seaman aboard the M/V Gayle C, a vessel which was being operated by the defendant on the Lower Mississippi River. The plaintiff, as the personal representative and administratrix of the decedent's estate, filed a complaint which states a cause of action under both the Jones Act, 46 U.S.C. § 688, for negligence, and general maritime law for unseaworthiness. Plaintiff seeks to recover both pecuniary and nonpecuniary damages, including recovery for loss of society, companionship, love, and affection. The plaintiff also seeks damages for loss of society on behalf of the decedent's brothers and sisters.

Defendant filed its motion on January 15, 1979, alleging that it was entitled to summary judgment on the issue of whether or not the plaintiff could recover for nonpecuniary damages in an admiralty wrongful death action. The defendant claimed that it was entitled to a judgment as a matter of law on this issue, on the basis of the Fifth Circuit's original opinion in *Ivy, supra.* Because the Court of Appeals agreed to reconsider *Ivy* en banc, this court has delayed its

ruling on the defendant's motion for summary judgment.

The relevant facts of the instant case are substantially similar to those of *Ivy*. In both cases, a crew member of a towboat fell overboard and drowned while the vessel was operating on the Mississippi River. Similarly, in both cases, the parents of the decedent brought an action for unseaworthiness under general maritime law, and for negligence under the Jones Act. In *Ivy*, the jury found, in response to interrogatories by the court, that the vessel was not unseaworthy, but that the defendant's negligence had partially caused the death of the seaman. This court held, on the basis of *Sea-Land Services v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974), that "in cases where the only basis of recovery is the negligence of the ship or its owner, such as the case here, dependents of a wrongful-death victim are not limited to a recovery for pecuniary loss, but may recover also for loss of services and society." *Ivy v. Security Barge Lines, Inc.*, 424 F.Supp. 1154, 1156 (N.D.Miss.1976).

The Fifth Circuit reversed, holding that the decedent's beneficiaries could not recover nonpecuniary damages, where liability was based solely on the Jones Act. 585 F.2d at 738. The court stated that it was guided in its decision by *Mobile Oil Corp. v. Higginbotham*, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978), which implicitly held that nonpecuniary damages were not recoverable under the Death on the High Seas Act, 46 U.S.C. § 762. The Fifth Circuit interpreted this decision as overriding the more liberal allowance of damages in *Gaudet, supra*, and held that the *Higginbotham* rule applied to Jones Act cases. This rule obviously has a direct bearing on the instant case, which involves a Jones Act claim. There is still some question, however, as to whether nonpecuniary damages may be recovered where a claim for unseaworthiness is joined with the Jones Act claim. The defendant submits that this issue was resolved by the Fifth Circuit's original opinion in *Ivy* wherein the Court stated:

> We are not unaware of the implications of this result, mandated though it is by *Higginbotham*. If an explosion occurred aboard a vessel in the Port of New Orleans, caused by both negligence and unseaworthiness, resulting in the death of a passenger, a longshoreman employed by a third party stevedore, and a Jones Act seaman, the recovery by the representative of each would be based on a different standard and be for a different amount:
>
> . . . . .
>
> (c) Finally, the Jones Act seaman's survivors receive only reimbursement for pecuniary losses.

585 F.2d at 738–39 n. 8. Defendant contends that the language of this footnote controls, and that nonpecuniary damages may not be awarded where, as in the action sub judice the two types of claims are joined.

In reconsidering the *Ivy* case en banc, however, the Fifth Circuit has restated its position on this particular point. It must be remembered that in *Ivy*, the jury found that the vessel was not unseaworthy; recovery, therefore, was based on the Jones Act claim only. The en banc opinion held that the Act "does not permit the recovery in a wrongful death action of damages for loss of society of a seaman." *Ivy v. Security Barge Lines, Inc.*, 606 F.2d 524, at 529 (5th Cir. 1979). However, the court also stated that "[t]he Jones Act remedy for negligence remains unaffected by either the rules governing damages recoverable for unseaworthiness in general maritime law or by changes in those rules." *Id.* at 528. In a footnote following that sentence, the court stated that:

> A seaman may, of course joint [sic] a claim for unseaworthiness under general maritime law with his Jones Act claim for negligence. We do not here reach the issue of whether after *Higginbotham* nonpecuniary damages may be recovered in such an action if unseaworthiness is found. Ivy recovered solely for the negligence of decedent's employer.

*Id.* at 528, n. 8.

The distinction is a crucial one, for this case has not yet reached the trial stage, and both the unseaworthiness claim and the

Jones Act claim still exist. Under these circumstances, and given the language of the Fifth Circuit's en banc opinion, the court is of the opinion that neither *Higginbotham* nor *Ivy* precludes recovery of damages for nonpecuniary loss where both claims are joined. Since the question of damages is properly one for the jury, the court should not prevent the introduction of evidence relating to such damages at the trial. The defendant's motion for summary judgment should be denied, and an appropriate order will be entered.